RCANNELLA, Judge.
Plaintiff, Sherell Thomas, appeals from a ruling by the trial court in favor of defendant, Wayne Carter, denying plaintiffs request to change custody. For the reasons which follow, we affirm.
Although the record in this ease is scant, plaintiff states in her brief here that she has been involved in proceedings in juvenile court since 1992 in an attempt to obtain child support from defendant. The juvenile court, on May 13, 1996, ordered custody changed from plaintiff to defendant.[1] Thereafter, plaintiff filed a petition for change of custody in the Twenty-Fourth Judicial District Court. After hearing, the district court, on *1036 December 1310, 1996, rendered judgment denying plaintiffs rule to change custody upon finding that jurisdiction rested exclusively in juvenile court. It is from this judgment that plaintiff appeals.
On appeal plaintiff argues that juvenile courts are courts of limited jurisdiction and that district court is the proper jurisdiction for custody matters.
Plaintiff is correct that juvenile courts are courts of limited jurisdiction. La. Const. Art 5, § 18. However, that jurisdiction is “as provided by law.” La. Const. Art 5, § 18. The law provides, under La. R.S. 13:1599, jurisdiction in Jefferson Parish Juvenile Courts as follows:
A. A juvenile court in and for the parish of Jefferson is hereby created. The jurisdiction of the court shall be the same as the jurisdiction of other juvenile courts created pursuant to Article VII, Section 52 of the Louisiana Constitution of 1921 and the juvenile court law. Notwithstanding any provisions of the law to the contrary, the court shall have exclusive original jurisdiction to try any adult charged with a violation of R.S. 14:92.1.
B. In addition, the Juvenile Court for the parish of Jefferson shall have concurrent jurisdiction with the Twenty-Fourth Judicial District Court to establish paternity, establish and modify custody and visitation, and establish and modify alimony and child support in criminal neglect and paternity cases. However, as between the Juvenile Court for the parish of Jefferson and the Twenty-Fourth Judicial District Court, the court which renders the initial order for custody, visitation, or support shall have exclusive continuing jurisdiction to modify such order. (Emphasis added.)
Under the express wording of this statute, the Juvenile Court for the Parish of Jefferson has jurisdiction to establish custody and visitation and, having rendered the initial custody order, retains exclusive continuing | ¿jurisdiction to modify that order. Thus, under this provision, the district court lacks jurisdiction over a custody matter once, as here, a custody order has been entered by the juvenile court.
Therefore, based on the clear wording of La. R.S. 13:1599, we find no error in the district court ruling that exclusive jurisdiction over this custody matter rests in juvenile court.
Accordingly, the judgment denying plaintiffs rule for change of custody because of lack of jurisdiction is affirmed. Costs of appeal are assessed against plaintiff.
AFFIRMED.

. In the record before us, we were only provided with the minute entry from juvenile court indicating the change of custody from plaintiff to defendant. We were not provided with anything from juvenile court indicating why custody was granted to defendant, and that matter is not before us in this appeal.